UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORGE MARIO GABRIEL JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, and KRISTI NOEM, Secretary of Homeland Security, PAMELA BONDI, Attorney General of the U.S., and DONALD TRUMP, President of the U.S.<br><br>Respondents. | Civil Action No. 25-cv-12799-MJJ |

## MEMORANDUM OF DECISION AND ORDER

October 9, 2025

JOUN, D.J.

Jorge Mario Gabriel Jimenez ("Mr. Gabriel Jimenez" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention.

Mr. Gabriel Jimenez is a citizen of Brazil. [Doc. No. 1 at ¶ 11]. Mr. Gabriel Jimenez entered the United States in 2008 without being arrested at the time of entry. [*Id*. at ¶ 1]. Upon information and belief, Mr. Gabriel Jimenez has never been arrested by immigration authorities, has never filed an asylum claim, and has never appeared before an immigration court or had to report to ICE for any check-ins. [*Id*. at ¶ 2]. On or about September 27, 2025, while traveling to

1

work, Mr. Gabriel Jimenez was arrested by ICE. [*Id*. at ¶ 5]. On September 29, 2025, I issued a Service Order requiring Petitioner not be moved outside the District of Massachusetts, [Doc. No. 4 at 2]. On September 30, 2025, Respondents notified the court that, one day before my order, on September 28, 2025, Mr. Gabriel Jimenez was transferred to the Buffalo Federal Detention Facility in Batavia, New York. [Doc. No. 7 at 1]. According to his counsel, on October 4, 2025, Mr. Gabriel Jimenez was then moved to the state of Mississippi. [Doc. No. 9 at 6]. The ICE Detainee Locator shows that he is currently being held at the Adams County Correctional Center in Mississippi. [Doc. No. 9-1 at 1].

As a preliminary matter, Respondents acknowledge that the Court retains jurisdiction but note that they do not object to transfer of the Petition to the Western District of New York. Mr. Gabriel Jimenez objects to the transfer of the Petition. Mr. Gabriel Jimenez was transferred to the State of Mississippi on October 4, 2025, and is currently experiencing serious medical issues without proper care. [Doc. No. 9 at 5–6]. Because Mr. Gabriel Jimenez properly filed his petition and named his immediate custodian prior to his transfer, I exercise my discretion to retain jurisdiction over this Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441, (2004) (citing *Endo*, 323 U.S. 283 (1944) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

In their Response to Habeas Petition, Respondents acknowledge that the principal legal issues in this case substantially overlap with those in *Hilario Rodriguez v. Moniz*, 25-cv-12358. [Doc. No. 9 at 2]. I incorporate by reference the reasoning in my September 18, 2025 Order granting bond in the *Hilario Rodriguez* case, [25-cv-12358 Doc. No. 22], and find that Mr.

Gabriel Jimenez is subject to Section 1226(a)'s discretionary detention framework and is thus eligible for bond.

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Respondents are <u>ORDERED</u> to transfer Mr. Gabriel Jimenez back to ICE Custody within the District of Massachusetts as soon as practicable but no later than one week from the date of this Order. Respondents are further <u>ORDERED</u> to provide Mr. Gabriel Jimenez with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this Order. The Respondents are <u>ENJOINED</u> from denying bond to Mr. Gabriel Jimenez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Respondents are further <u>ORDERED</u> to file a status report within 24 hours of the bond hearing, stating whether Mr. Gabriel Jimenez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge